UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BOBBY PERRY,

    Petitioner,

v.                                              Case No. 2:08-cv-195
                                              HON. R. ALLAN EDGAR

GERALD HOFBAUER,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Bobby Perry filed this petition for writ of habeas corpus challenging his minimum prison sentence for second degree murder. After petitioner entered a plea agreement he was sentenced as agreed to a prison term of 24 to 40 years. Petitioner claims that the minimum sentence of 24 years was based upon an improper calculation of the guideline range by his attorney and the prosecutor. Petitioner claims that he should receive a new minimum sentence of less than 24 years. Petitioner through new counsel pointed out the mistake during the sentencing hearing and asked the court to enter a lessor sentence than what was agreed upon. The prosecutor stated that he was aware of the guideline range when he made the plea agreement with petitioner and would never have agreed to a lessor minimum sentence. The court declined to change the plea agreement and petitioner's counsel indicated on the record that petitioner did not wish to withdraw his plea.

> MS. MARABLE:    And, Your Honor, my client previously had previous counsel and the guidelines were done. I guess previous counsel and Paul had done the guidelines and then when we found out about this mistake, my client is actually doing a plea agreement that's way above the minimum of the guidelines, so I just wanted to put that on the record. He does want to go along with the plea, but I

> think that it's sad that his previous counsel had not did the guidelines correctly because that would have maybe changed the plea agreement.
>
> MR. BERNIER: Your Honor, I can assure the Court it wouldn't have. I knew what the guidelines were when I made the offer, and I never would have gone to the bottom of the guidelines on a murder II on this case. It just never would have been offered.
>
> THE COURT: The guidelines don't impact because of the sentence agreement.
>
> MS. MARABLE: Okay.

Sentence transcript at 5-6, Docket #11. After petitioner was sentenced, counsel indicated on the record that after speaking with petitioner the motion to withdraw the guilty plea and proceed to trial was being withdrawn. *Id.* at 16.

The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following claims:

I. Must this matter be remanded to the trial court for re-sentencing?

II. Does the sentencing procedure in the State of Michigan violate petitioner's Sixth Amendment right to a trial by jury?

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state

conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all

reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that the minimum sentence of 24 years that he received under his plea agreement violates the state of Michigan sentencing guidelines, because it is a higher minimum sentence than the minimum sentence range calculated under the guidelines. As pointed out by the respondent, petitioner was not sentenced under the guidelines, but rather pursuant to his plea agreement.

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringle v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6th Cir.), *cert. denied*, 496 U.S. 929

(1990). A departure from the recommended sentence range does not state a constitutional claim. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000).

> Despite the significant increase from the sentencing guidelines, we hold that the state trial court did not abuse its discretion in sentencing Petitioner to forty to sixty years imprisonment. Petitioner fails to articulate the grounds upon which the trial court's departure from the Michigan Sentencing guidelines violates any federal due process right he possesses. He was aware of the possibility that the trial court might depart upward. He was also given an opportunity to present mitigating evidence as well as testify and present witnesses on his behalf. Petitioner is unable to substantiate a single violation of any of his constitutional guarantees to due process.
>
> Furthermore, the maximum penalty for second degree murder in Michigan is life imprisonment. *See* Mich. Comp. Laws § 750.317 (1999). Although Petitioner's sentence may exceed the recommended guideline range, it neither exceeds the statutory limit, nor is it wholly unauthorized by law. As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants." *Williams v. New York*, 337 U.S. 241, 245, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949).

MCL § 750.317 provides for punishment of imprisonment for life or for any term of years. Therefore, petitioner has not set forth a federal question because his sentence was imposed within the state statutory limit. *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988).

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G.*, *Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or

>           capricious abuse of discretion," or that an error of law resulted in the
>           improper exercise of the sentence's discretion and thereby deprived
>           petitioner of his liberty.

*Id.* at 923-24. Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

Further, to the extent that petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable. Petitioner has not shown that his right to a jury trial was violated when he waived those rights and entered into a plea agreement. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 20, 2011